UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAHIDAH LOUIS,

       Plaintiff,                             Case No: 1:10-cv-973

v                                                    HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

       Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income (SSI) benefits.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner.  The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation.  Defendant filed a response to the objection.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portion of the Report and Recommendation to which Plaintiff objects.  The Court denies the objection and enters this Opinion and Order.

       Plaintiff presents one objection to the Magistrate Judge's recommendation:  her argument that the Magistrate Judge erred in recommending affirmance where the ALJ's determination that she was able to perform substantial gainful employment after November 23, 2005 is not supported by substantial evidence.  In support of her argument, Plaintiff does not analyze the record evidence but

focuses on the ALJ's reference to the fact that she was capable of "becoming pregnant" (Objs., Dkt 15 at 3).[1] According to Plaintiff, that fact "never should have been mentioned, except that this ALJ must have incorporated that fact into his decision-making process" (*id.*). Plaintiff therefore concludes that the ALJ did not judge her claim on the merits but on the basis that she has become pregnant in the past (*id.* at 4).

Plaintiff's argument, however, does not reveal any impropriety in the ALJ's decision-making process. As the Magistrate Judge stated, the ALJ did not deny Plaintiff's claim based on her decision to become pregnant but because the evidence showed that she was not disabled (R&R, Dkt 14 at 7). *See* 20 C.F.R. § 416.929(c)(3)(*i*) (authorizing an ALJ to consider "daily activities" when evaluating pain and functional limitations). Further, as Defendant points out in response (Resp., Dkt 17 at 2), Plaintiff's objection overlooks the evidence that "overwhelmingly" supports the ALJ's determination, including Plaintiff's non-compliance with medical advice to use a foot orthotic and undergo physical therapy, her medication use, her lack of consistent mental health treatment, her unsupported allegations of hallucinations, and her activities of daily living, which included running a household of four young children (Resp., Dkt 17 at 2). Plaintiff's objection simply reveals no error by the Magistrate Judge requiring a disposition other than the recommended affirmance.

Therefore:

---

[1] The ALJ's full sentence, as quoted in the Report and Recommendation, is the following: "Further, while she alleges help taking care of her four children, she is capable of becoming pregnant, carrying children to full term, providing the majority of her own care and that of her children" (R&R, Dkt 14 at 4).

**IT IS HEREBY ORDERED** that the Objections (Dkt 15) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 14) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: May  4 , 2012               /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge